**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                            *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JABRIL SHAW,** | : | Civil Action No. |
| 29 W Rockland Street | : | |
| Philadelphia, PA 19144 | : | |
|     Plaintiff, | : | |
| | : | |
|   v. | : | **Complaint and Jury Demand** |
| | : | |
| **TARGET CORPORATION,** | : | |
| 401 Easton Road | : | |
| Warrington, PA 18976 | : | |
| | : | |
| 1000 Nicollet Mall | : | |
| Minneapolis, MN 55403 | : | |
|     Defendant. | : | |

### CIVIL ACTION

Plaintiff, Jabril Shaw (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Target Corporation (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Target Corporation is a retail corporation that operates a chain

of discount department stores and hypermarkets with a location at 401 Easton Road, Warrington, PA 18976 and corporate headquarters located at 1000 Nicollet Mall, Minneapolis, MN 55403.

4. Defendant is an employer as defined by Title VII and the PHRA.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted his administrative remedies under Title VII and PHRA.

14. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and retaliation against Defendant.

15. The Charge was assigned a Charge Number 530-2022-04633 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated November 1, 2023. Plaintiff received the notice by electronic mail.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

19. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. In or around December 2021, Defendant hired Plaintiff in the position of Electronics Specialty Sales Associate.

22. Plaintiff was well qualified for his position and performed well.

23. Shortly after beginning his employment, Plaintiff began to experience a hostile work environment through various instances of sexual harassment.

24. Specifically, Connor LNU, Technician, constantly made unwelcome and unwanted comments of a sexual nature while working alongside Plaintiff.

25. Upon information and belief, Defendant was on notice that Connor had previously engaged in sexually-inappropriate conduct with other employees and yet Defendant failed to take remedial measures and prevent Plaintiff from being subjected to sexual harassment.

26. By way of example, Connor repeatedly made comments regarding Plaintiff's genitals and his desire to engage in sexual contact with Plaintiff.

27. By way of further example, Connor made many overt sexual advances toward Plaintiff, including, but not limited to, asking for oral sex and asking to touch Plaintiff's body.

28. In addition, Connor attempted to spend time with Plaintiff at his home outside of work hours in order to act on his sexual desires.

29. At all times relevant hereto, Plaintiff rejected Connor's advances and expressed to Connor that he wished for their relationship to remain strictly professional.

30. Notwithstanding Plaintiff's protestations, Connor refused to cease and desist his sexually-offensive commentary.

31. In or around late January 2022, Plaintiff registered a complaint of sexual harassment with his direct supervisor, Kristen Hames ("Hames"), Team Lead.

32. Thereafter, Defendant failed to take corrective action and Connor continued to subject Plaintiff to a hostile work environment.

33. In fact, Connor escalated the frequency and vulgarity of his sexual remarks, and every encounter Plaintiff had with Connor included a lewd statement.

34. As a result, Plaintiff again registered a complaint of sexual harassment with Hames on or around March 29, 2022.

35. On or around March 31, 2022, Plaintiff filed an additional complaint with the Human Resources Department.

36. In response thereto, Defendant allegedly investigated Plaintiff's complaint; however, upon information and belief, a thorough investigation was never completed.

37. On or around April 18, 2022, Defendant abruptly terminated Plaintiff's employment.

38. Although Defendant claimed Plaintiff's employment was terminated because he allegedly made "verbal threats" to Connor, such an accusation is a distortion of the facts.

39. By way of elaboration, Plaintiff had merely responded to Connor that he would defend himself if Connor physically assaulted him, a threat that Connor had made to Plaintiff as a direct result of Plaintiff denying one of Connor's sexual advances.

40. Plaintiff believes and avers that Defendant's articulated reason for his termination is pretextual, and that his employment was actually terminated in retaliation for expressing his opposing to unlawful sexual harassment in the workplace.

41. It is Plaintiff's position that Defendant discriminated and retaliated against him because of his gender and/or sexual orientation, in relation to him being a male registering a complaint of sexual harassment perpetrated by another male in violation of Title VII and the PHRA.

## COUNT I
## SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

42. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

43. Plaintiff is a member of protected classes in that he is male.

44. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of his membership in a protected class – male;

    b. Such discrimination was severe and/or pervasive.

    c. Such discrimination detrimentally affected Plaintiff; and

    d. Such discrimination would have detrimentally affected a reasonable man in Plaintiff's position.

45. The unlawful employment practices outlined above were intentional.

46. Plaintiff suffered tangible employment actions alleged herein, to include, but not necessarily be limited to, his termination.

47. Defendant knew or reasonably should have known of the sexual harassment.

48. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

49. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as

set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II
### SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PENNSYLVANIA HUMAN RELATIONS ACT

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. The foregoing conduct created a sexually hostile work environment for Plaintiff.

52. Plaintiff suffered intentional discrimination because of his sex.

53. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

54. Defendant knew or should have known of the sexual harassment.

55. The discrimination detrimentally affected Plaintiff.

56. Plaintiff suffered tangible employment actions as alleged herein, to include, but not necessarily be limited to, termination.

57. The discrimination would detrimentally affect a reasonable man in Plaintiff's position.

58. Defendant knew or reasonably should have known of the sexual harassment.

59. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

60. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III
## RETALIATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Plaintiff engaged in protected activity by Title VII.

63. Specifically, Plaintiff reported the sexual harassment to Defendant.

64. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

65. There exists a causal connection between Plaintiff's participation in the protected activity and any adverse employment action.

66. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures, as well as damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV
## RETALIATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. Plaintiff engaged in protected activity by the PHRA.

69. Specifically, Plaintiff reported the sexual harassment to Defendant.

70. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

71. There exists a causal connection between Plaintiff's participation in the protected activity and any adverse employment action.

72. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures, as well as damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jabril Shaw, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

9

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**
**KOLLER LAW, LLC**

Date: January 30, 2024      By:      */s/ David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*